[857 NYS2d 489]

In the Matter of ALAN J. LICHTENSTEIN (Admitted as ALAN LICHTENSTEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 27, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Alan J. Lichtenstein*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Alan J. Lichtenstein was admitted to the practice of law in the State of New York by the First Judicial Department on January 17, 1983 and, at all times relevant to this matter, has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys. An attorney who is the subject of an investigation or pending disciplinary proceeding may resign from the practice of law by submitting an affidavit of resignation to the Committee stating his intention to resign (22 NYCRR 603.11 [a]).

Respondent's affidavit of resignation, sworn to on March 19, 2008, complies with the requirements of section 603.11 in that he avers that his resignation is freely given and voluntarily tendered, without coercion or duress, and that he is fully aware of the implications of submitting his resignation. Respondent further acknowledges that he is under investigation by the Committee based upon two clients' allegations of professional misconduct as follows: neglecting a client's action resulting in the action being time-barred; and neglecting a client's action resulting in the dismissal of the matter for failure to prosecute. Respondent has also failed to cooperate with petitioner, the Disciplinary Committee, in the investigation of the aforementioned complaints.

Finally, respondent acknowledges that if charges were brought against him predicated upon the misconduct under investigation, he could not successfully defend himself against such charges.

Accordingly, the motion should be granted, respondent's resignation accepted, and his name stricken from the *roll of attorneys* and counselors-at-law in the State of New York, effective, nunc pro tunc, March 19, 2008.

MAZZARELLI, J.P., FRIEDMAN, BUCKLEY, SWEENY and RENWICK, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective, nunc pro tunc, March 19, 2008.